UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>            Plaintiff,<br>    v.<br><br>MEDQUIST, INC. et al.,<br><br>            Defendants. | Case No.: CV 12-01324 PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>**(Re: Docket Nos. 69, 83)** |

**I. INTRODUCTION**

On July 23, 2012, Defendants CBay Systems Holdings, Ltd, MedQuist Transcriptions, Ltd, MedQuist, Inc. (collectively, "MedQuist"), and Stephen H. Rusckowski filed a motion to declare Krishna Reddy ("Reddy") a vexatious litigant and to bar her from filing *pro se* complaints without prior court consent. Defendants Winston & Strawn LLP, Neal R. Marder, and Stephen R. Smerek (collectively, W&S") joined the motion on July 26, 2012. The next day, on July 27, 2012, Defendants Koninklijke Philips Electronics NV, Philips Electronics North America Corporation (collectively, "Philips"), as well as Defendants Sullivan & Cromwell LLP, Michael H. Steinberg, and Orly Z. Elson (collectively, "S&C") joined the motion. The matter was submitted to the court without oral argument pursuant to Civil Local Rule 7-1(b). Having reviewed the papers and considered the arguments of counsel, Defendants' motion is GRANTED.

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

1

## II. FACTUAL BACKGROUND[1]

In September 1992, Reddy began working as a medical transcriptionist for Transcriptions, Limited, Inc., which later became MedQuist. In 1996, Reddy began working at a second medical transcription company (which later became MRC Group) to supplement her income. Shortly thereafter, she took on another medical transcriptionist job at Your Office Genie ("YOG") in Monrovia, California. MedQuist later acquired both MRC Group and YOG. In 2000, Philips purchased MedQuist and took over the day-to-day operations.

After MedQuist acquired both medical transcription companies, MedQuist asked Reddy to choose to work at one branch only and she chose to work in Monrovia. Reddy alleges her pay fell below what she was entitled to for several reasons. First, Reddy alleges MedQuist reduced the pay per line for medical transcriptionists to achieve a higher profit ratio for the company. She also argues that MedQuist unfairly used a different rate to pay medical transcriptionists, which resulted in a calculation of fewer lines per assignment as compared to the rate used to bill clients. Also, in her view, she was paid a lower rate than other transcriptionists. Reddy complained to management about what she viewed as unfair billing practices and applied for a transfer out of the Monrovia branch. Reddy was fired in September 2003 and marked ineligible for rehire at any MedQuist office.

## III. PROCEDURAL BACKGROUND

In September 2006, Reddy sued MedQuist and a number of other defendants for the first time in the District of New Jersey.[2] Her complaint alleged nearly the same factual history as

---

[1] Unless otherwise noted, the factual background is taken as alleged by Reddy's complaint. *See* Docket No. 1.

[2] *See Reddy v. MedQuist, Inc.*, Case No. 06-4410(RBK/AMD), 2009 WL 250050 (D.N.J. Jan. 29, 2009).

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

2

provided here; namely that MedQuist used unfair billing practices to deprive her of fair pay.[3] Reddy brought claims of RICO, fraud, civil conspiracy, interference with employment contract, breach of contract, and intentional and negligent infliction of emotional distress.[4] The court granted various defendants' motion to dismiss all claims except Reddy's claim for breach of contract.[5] The court later granted MedQuist's motion for summary judgment on the remaining breach of contract claim.[6] The court then dismissed the suit against the remaining defendants for Reddy's failure to timely serve process.[7] Reddy did not appeal.

On June 19, 2009, Reddy sued MedQuist and others again, this time in the Southern District of California. Reddy's complaint asserted the exact same set of claims based on the same facts.[8] The court granted MedQuist's motion to dismiss based on res judicata because of Reddy's prior New Jersey case.[9] With respect to Defendants Philips and Rusckowski, the court found that venue was improper and transferred the case to the Central District of California. That court then dismissed all claims asserted against Philips and Rusckowski for lack of personal jurisdiction. The court later dismissed the complaint in its entirety against all remaining defendants because of Reddy's failure to timely serve. Reddy appealed; the Ninth Circuit affirmed.[10]

---

[3] *See id.* at *1.

[4] *See id.*

[5] *See id.*

[6] *See id.* at *3.

[7] *See Reddy v. MedQuist, Inc.*, CIV 06-4410(RBK), 2009 WL 2413673 at *9 (D.N.J. Aug. 4, 2009).

[8] *See Reddy v. MedQuist, Inc.*, Case No. 09CV1325-LBLM, 2010 WL 816154 *1 (S.D. Cal. Mar. 5, 2010).

[9] *See id.* at *8.

[10] *See Reddy v. Medquist, Inc.*, 467 Fed. App'x 647, 649 (9th Cir. 2012).

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

3

On March 16, 2012, Reddy filed the present action against MedQuist, Philips, various MedQuist and Philips employees, and lawyers who represented MedQuist and Philips in the previous cases.[11] Her claims are again based on the same set of factual assertions surrounding her employment at MedQuist.[12] She asserts nearly identical causes of action: RICO violations, California Labor Code Section 2751 violations, breach of contract, breach of covenant of good faith and fair dealing, "violation of public policy" (a whistleblower claim relating to the Sarbanes-Oxley Act), promissory estoppel, fraud and deceit, civil conspiracy, intentional and negligent interference with contract and prospective economic advantage, violations of California's Labor Code Sections 1050 and 1052, and "violation of civil and constitutional rights."[13]

## IV. LEGAL STANDARDS

Under the All Writs Act, federal courts have the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[14] The Ninth Circuit has observed there is strong precedent for courts using that power to "'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'"[15] The federal courts may exercise this power to protect both courts and defendants from abusive litigation.[16]

---

[11] *See* Docket No. 1.

[12] *See id.*

[13] *Id.*

[14] 28 U.S.C. § 1651(a).

[15] *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).

[16] *See De Long*, 912 F.2d at 1147.

Case No.:  CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

4

Pre-filing restrictions on potential plaintiffs should be issued sparingly.[17]  Put another way, orders restricting filing by litigants ought to be the exception to the general rule of free access to courts, especially for pro se litigants, whose access to the courts might be improperly hampered by a pre-filing order.[18]  Nevertheless, litigants with abusive, lengthy, and frivolous litigation histories may be enjoined from bringing further frivolous litigation.[19]

## V. DISCUSSION

### A. Request for Judicial Notice

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants request the court to take judicial notice of the dockets, filings, and orders of state and federal court cases.[20]

It is well-settled that the court may take judicial notice of matters that can be verified in the public record, including court documents.[21]  Courts may properly take judicial notice of "proceedings in other courts . . . if those proceedings have a direct relation to matters at issue."[22]  Reddy's litigation history is relevant to the motion to declare her a vexatious litigant.  Accordingly, Defendant's request for judicial notice is GRANTED as to the all of the documents, and Reddy's objections are OVERRULED.

### B. Motion to Declare Plaintiff a Vexatious Litigant

---

[17] *See id.*

[18] *See id.*

[19] *See id.*; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

[20] *See* Docket No. 7.

[21] *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *See* Fed. R. Evid. 201(b)(2).

[22] *Glassey v. Amano Corp.*, No. C-05-01604 RMW, 2006 WL 889519, at *1 (N.D. Cal. Mar. 31, 2006).

Case No.:  CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
5

In *De Long v. Hennessy*, the Ninth Circuit set forth the test for its district courts to apply to a vexatious litigant claim, consisting of two procedural concerns and two substantive concerns. First, the district court must give the litigant notice of the motion and an opportunity to be heard before the order is entered.[23]  Second, the decision must also be based on an "adequate record for review."[24]  Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's actions.[25]  Fourth, the resulting order must be "narrowly tailored to closely fit the specific vice encountered."[26]

### 1. Notice and Opportunity to be Heard

As required by due process, the plaintiff must receive "notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him" and "the opportunity to be heard" on the issue.[27]  The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; "the opportunity to brief the issue fully satisfies due process requirements."[28]

Reddy has been served notice of this motion.[29]  To refute the claims made by Defendants, Reddy has filed numerous briefs, including a "Response," an "Opposition," and a "Response to Reply to Plaintiff's Opposition" to the Motion to Declare the Plaintiff a Vexatious Litigant.[30]  The

---

[23] *See De Long*, 912 F.2d at 1147.

[24] *Id.* at 1148.

[25] *See id.*

[26] *See id.*

[27] *Molski*, 500 F.3d at 1058.

[28] *Id.* (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)) (internal quotation marks omitted).

[29] *See* Docket No. 69.

[30] *See* Docket Nos. 94, 108, 113.

Case No.:  CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

6

court has read and considered Reddy's arguments in ruling on this motion. Reddy therefore has been given notice and opportunity to be heard in accordance with due process.

### 2. Adequate Record for Review[31]

Before declaring the plaintiff to be a vexatious litigant, the court must provide a thorough record of the plaintiff's litigation history.[32] This record must include all the cases and motions that led the court to conclude such an order was necessary, not merely those relating to the claims presently at issue.[33] To establish an adequate record for review, the court provides the following summary of Reddy's lengthy history of litigation.

#### a. Suits Against Redlands Community Hospital

Reddy sued former employer Redlands Community Hospital ("Redlands") in a total of five lawsuits.[34] She first sued Redlands in San Bernardino Superior Court in September 1993, asserting breach of contract, breach of the implied covenant of good faith and fair dealing, employment discrimination, and wrongful termination.[35] On October 29, 1996, the court imposed a pre-filing order on Reddy, requiring her to seek leave from the court before filing any further litigation in the state of California.[36] The court later granted the defendant's motion for summary judgment.[37] Her appeal was dismissed.[38]

---

[31] Most of Reddy's litigation history was submitted to the court in Defendants' requests for judicial notice. For the sake of simplicity and ease of reference, the court will refer to the court documents by the corresponding docket number, if applicable.

[32] *See De Long*, 912 F.2d at 1147.

[33] *See id.*

[34] *See* Docket No. 70, Ex. 4-8.

[35] *See Reddy v. Redlands Cmty. Hosp.*, Case No. SCV 06542 (Sept. 9, 1993); *See also* Docket No. 70, Ex. 9-D at 3.

[36] *See* Order dated October 21, 1996, *Reddy v. Redlands Cmty. Hosp.*, Case No. SCV 06542 (Sept. 9, 1993).

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

7

In July 1995, Reddy sued Redlands in San Bernardino Superior Court a second time. She added new defendants and asserted claims for civil rights and constitutional violations, libel, slander, and intentional infliction of emotional distress.[39] The court sustained the defendants' demurrer and dismissed the complaint.[40] Her appeal was again dismissed.[41]

Reddy filed yet another lawsuit against Redlands, this time in another venue. In December 1995, she sued Redlands and various additional employees of Redlands in the Central District of California, asserting claims of intentional interference with economic advantage, libel, slander, fraud and deceit, and intentional infliction of emotional distress.[42] The court dismissed the entire action, with prejudice.[43]

In October 1997, Reddy sued Redlands a fourth time, again in the Central District of California.[44] This time, she sued Redlands, Redlands employees who had previously been sued, the attorneys for Redlands, the state judges who presided over her previous case against Redlands,

---

[37] *See Reddy v. Redlands Cmty. Hosp.*, Case No. SCV 06542 (Sept. 9, 1993); *See also* Docket No. 70, Ex. 9-D at 3.

[38] *See* Docket No. 70, Ex. 9-D at 3.

[39] *See Reddy v. Redlands Cmty. Hosp.*, Case No. SCV 22373 (July 19, 1995); *See also* Docket No. 70, Ex. 9-D at 4.

[40] *See id.*

[41] *See* Docket No. 70, Ex. 9-D at 4.

[42] *See Reddy v. Redlands Cmty. Hosp.*, Case No. CV 95-0453-RT-VAP (C.D. Cal. Dec. 8, 1995); *See also* Docket No. 70, Ex. 7-A, Ex. 9-D at 5.

[43] *See* Docket No. 70, Ex. 7-B.

[44] *See Reddy v. Super. & Muni. Court of Cal.*, Case No. CV 97-923-AHS-SH (Oct. 28, 1997); *See also* Docket No. 70, Ex. 9-A, Ex. 9-D at 5-6.

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

the San Bernardino County courts, and several of her previous attorneys.[45] She asserted similar claims of violations of civil and constitutional rights, fraud, and intentional infliction of emotional distress.[46] The district court dismissed the case in its entirety in February 1999.[47] Reddy appealed, but again her appeal was dismissed, this time for failure to file an opening brief.[48]

Reddy sued Redlands in the Central District of California a fifth time.[49] In February 2000, she sued numerous defendants including the district court itself, several of its judges, the San Bernardino County courts and their judges, the City and County of San Bernardino, a number of attorneys, and Loma Linda University Medical Center.[50] In June 2000, Reddy's complaint was dismissed for failure to comply with the pre-filing order issued against her in 1998.[51]

### b.   Suits Against Loma Linda University Medical Center

In August 1994, Reddy sued employer Loma Linda University Medical Center ("Loma Linda") in the Central District of California in the first of a series of five suits involving these parties.[52] She asserted a bevy of employment-related claims, including wrongful termination,

---

[45] *See Reddy v. Super. & Muni. Court of Cal.*, Case No. CV 97-923-AHS-SH (Oct. 28, 1997); *see also* Docket No. 70, Ex. 9-A, Ex. 9-D at 5-6.

[46] *See id.*

[47] *See id.*

[48] *See* Docket No. 70, Ex. 10.

[49] *See Reddy v. U.S. Dist. Court for the Cent. Dist. Court of Cal.*, Case No. CV00-1452 MMM (Feb. 10, 2000); *See also* Docket No. 70, Ex 11-A, 11-B.

[50] *See* Docket No. 70, Ex. 11-A.

[51] *See* Docket No. 70, Ex. 11-B.

[52] *See Reddy v. Loma Linda Cmty. Hosp.*, Case No. SACV94-725-AHS-EE (C.D. Cal. Aug. 12, 1994); *See also* Docket No. 70, Ex. 13.

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

9

breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and employment discrimination.[53] In March 1995, the suit was dismissed with prejudice.[54]

In January 1997, Reddy sued Loma Linda in the Central District of California.[55] She added several defendants and asserted claims of wrongful termination, breach of contract, breach of covenant of fair dealing, intentional interference with economic advantage, and intentional and negligent infliction of emotional distress.[56] The court dismissed the action on res judicata and collateral estoppel grounds because the dispute had already been adjudicated.[57]

Undeterred, in April 1997 Reddy again sued Loma Linda and other defendants in San Bernardino County Superior Court.[58] In April 1998, the complaint was dismissed.[59]

In 1997 and 2000, Reddy sued Loma Linda and its employees a fourth and fifth time, both in the Central District Court of California. These cases are the same as those asserted against Redlands and summarized above.[60]

---

[53] *See Reddy v. Loma Linda Cmty. Hosp.*, Case No. SACV94-725-AHS-EE (C.D. Cal. Aug. 12, 1994); *See also* Docket No. 70, Ex. 13.

[54] *See* Docket No. 70, Ex. 13.

[55] *Reddy v. Loma Linda Cmty. Hosp.*, Case No. SACV 97-56-AHS-EE (C.D. Cal. Jan. 23, 1997); *See also* Docket No. 70, Ex. 14-A.

[56] *See* Docket No. 70, Ex. 9-D at 7.

[57] *See* Docket No. 70, Ex. 14-B.

[58] *See* Docket No. 70, Ex. 9-D at 8.

[59] *See id.*

[60] *See Reddy v. Super. & Muni. Court of Cal.*, Case No. CV 97-923-AHS-SH (C.D. Cal. Oct. 28, 1997); *See also* Docket No. 70, Ex. 9-A, Ex. 9-D at 5-6. *See also Reddy v. U.S. Dist. Court for the Cent. Dist. Court of Cal.*, Case No. CV00-1452 MMM (C.D. Cal. Feb. 10, 2000); *See also* Docket No. 70, Ex 11-A, 11-B.

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

10

### c. Suits Against Other Employers

Aside from her suits against Redlands, Loma Linda, and MedQuist, Reddy also has sued other employers, asserting employment-related claims. Reddy's suits against other employers follow the familiar pattern.

In January 2010, Reddy first brought suit against Gilbert Medical Transcription Service.[61] She asserted a number of employment-related claims, including employment discrimination, wrongful termination, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress.[62] The district court granted certain defendants' motion to dismiss at the pleading stage, then granted summary judgment against Reddy on a portion of her claims.[63] A year later, the court granted the defendants' motion for terminating sanctions because of Reddy's repeated failure to comply with discovery orders.[64] The Ninth Circuit affirmed.[65]

In December 2010, Reddy sued another former employer, Webmedx, in the Middle District of Tennessee.[66] She again brought employment-related claims.[67] The case was transferred to the Central District of California after the court found it lacked jurisdiction, and the case is currently

---

[61] *See Reddy v. Gilbert Med. Transcription Serv.*, Case No. CV10-0524-JFW-DTB (C.D. Cal. Jan. 25, 2010); *See also* Docket No. 70, Ex. 16-A, 16-B.

[62] *See* Docket No. 70, Ex. 16-B.

[63] *See* Docket No. 70, Ex. 16-A.

[64] *See* Docket No. 70, Ex. 16-C.

[65] *See* Docket No. 70, Ex. 17.

[66] *See Reddy v. Webmedx, Inc.*, Case No. 10-1226 (M.D. Tenn. Dec. 23, 2010); *See also* Docket No. 70, Ex. 19-A, 19-B.

[67] *See* Docket No. 70, Ex. 19-B.

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
11

pending in that court.[68] The court has issued an order to show cause on why Reddy apparently failed to file according to the pre-filing order imposed on her by that court, which has been briefed but not decided.[69]

In November 2011, Reddy sued another former employer, Focus Informatics and its parent company, Nuance Communications, in this court.[70] Once again, Reddy asserts claims of discriminatory employment practices, including harassment, hostile work environment, wrongful termination in violation of public policy, breach of contract and the covenant of good faith and fair dealing, promissory estoppel, fraud, deceit, civil conspiracy, intentional and negligent interference with contract and prospective economic advantage, violation of Cal. Labor Code section 1050 and 1052, intentional and negligent infliction of emotional distress, and unconstitutional offshoring of confidential medical information.[71] The case is still pending.[72]

In December 2011, Reddy sued yet another former employer, Superior Global Solutions, in the Eastern District of Texas.[73] She again asserts claims relating to her employment, along with the same "unconstitutional offshoring" claim she made in the case against Nuance.[74] A motion to declare plaintiff a vexatious litigant is pending in that case.[75]

---

[68] *See Reddy v. Webmedx, Inc.*, Case No. CV12-2406-CAS-JC (C.D. Cal. Mar. 20, 2012); *See also* Docket No. 70, Ex. 20-A.

[69] *See* Docket No. 70, Ex. 20-B.

[70] *See Reddy v. Nuance Comm'cns, Inc.*, Case No. CV11-5632 PSG (N.D. Cal. Nov. 21, 2011); *See also* Docket No. 70, Ex. 21-A, 21-B.

[71] *See* Docket No. 70, Ex. 21-B.

[72] *See* Docket No. 70, Ex. 21-A.

[73] *See Reddy v. Superior Global Sol'ns*, Case No. CV-842 (E.D. Tex. Dec. 22, 2011); *See also* Docket No. 70, Ex. 18-A.

[74] *Id.*

[75] *See Reddy v. Superior Global Sol'ns*, Case No. CV-842 (E.D. Tex. Dec. 22, 2011); *See also* Docket No. 70, Ex. 18-A.

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

12

#### d. Vexatious Litigant Findings

Reddy has been declared a vexatious litigant no less than three times.

##### i. California State Court in Redlands (November 1996)

In November 1996, the San Bernardino Superior Court presiding over Reddy's first lawsuit against Redlands found her to be a vexatious litigant.[76] The court's pre-filing order prevented her from bringing any new litigation *in propria persona* without first obtaining approval from the court.[77]

##### ii. Central District of California (December 1998)

The Central District of California declared Reddy to be a vexatious litigant in her fourth lawsuit against Redlands.[78] The court found that Reddy had "abused the court's process" by filing additional lawsuits against the defendants each time she was "unhappy with the results of a prior action."[79] The court imposed a pre-filing order on Reddy regarding litigation against Redlands and Loma Linda and its employees, the lawyers on the case, and the San Bernardino Superior Courts and their judges and staff.[80] The order prevented Reddy from filing suit against the above parties arising out of her controversy with Redlands unless (i) she was represented by counsel, or (ii) she posted a $5,000 bond and obtained prior court approval for the filing.[81]

##### iii. Central District of California (March 2001)

---

[76] *See* Order dated October 21, 1996, *Reddy v. Redlands Cmty. Hosp.*, Case No. SCV 06542 (Sept. 9, 1993); *See also* Docket No. 70, Ex. 9-D at 3.

[77] *See id.*

[78] *See* Docket No. 70, Ex. 9-D at 17-19.

[79] Docket No. 70, Ex. 9-D at 13-17.

[80] *See id.* at 17-19.

[81] *See id.*

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

13

The Central District of California later found Reddy to be a vexatious litigant in a separate case against separate defendants.[82] In February 2001, in Reddy's home mortgage litigation against HomeSide Lending, Inc., the court noted that Reddy continued to bring claims that were "wholly devoid of merit and frivolous" and in doing so, abused the court's process.[83] The court again issued a pre-filing order against Reddy, directing the clerk not to accept filings from Reddy against Redlands, Loma Linda, and related persons or entities, her former attorneys, the San Bernardino courts and judges, the judges of the Central District, which arose from Reddy's prior employment or property dispute or sought to religitate issues previously decided, unless she is represented by counsel or posts a $5,000 bond and obtains a prior court order.[84]

### 3. Substantive Finding of Frivolousness or Harassment

The heart of the issue presently before the court lies in whether Reddy's actions are frivolous or harassing to either the parties or the court. To support such a finding, the court may look at both "the number and content of the filings."[85]

In making its determination, the court must consider the following five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless

---

[82] *See* Docket No. 70, Ex. 15-A, 15-C.

[83] Docket No. 70, Ex. 15-C at 17.

[84] *See id.* at 18-21.

[85] *De Long*, 912 F.2d at 1148.

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

14

burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties."[86]

### a. Litigant's History of Litigation, Especially Those That Were Vexatious, Harassing, or Duplicative

The record must show "that the litigant's activities were numerous or abusive."[87] While litigiousness alone is not sufficient to justify a vexatious litigant finding, the sheer number of lawsuits filed by the plaintiff is informative as to whether the plaintiff is a vexatious litigant.[88] Here, Reddy has a long history of vexatious, harassing, and duplicative suits. She has literally filed tens of lawsuits against hundreds of defendants.[89]

Moreover, Reddy's suits are not only numerous, but truly vexatious, harassing, and duplicative. "A 'vexatious suit' is a lawsuit instituted maliciously and without good cause."[90] A review of Reddy's lengthy litigation history reveals a pattern of filing duplicative suits: she files a lawsuit against a former employer, which is rejected by the court through a motion to dismiss or a motion for summary judgment. Dissatisfied with the judgment, Reddy brings more nearly-identical suits in different courts, asserting almost the same claims against an ever-growing list of defendants. These duplicative suits are usually dismissed on res judicata grounds. She is then declared a vexatious litigant by the court.

This is Reddy's third suit regarding her termination at MedQuist and follows the predictable pattern. After her termination at MedQuist, she filed a series of suits alleging

---

[86] *Molski*, 500 F.3d at 1058.

[87] *Molski v. Evergreen Dynasty Corp.*, 347 F. Supp.2d 860, 864 (C.D. Cal. Dec 9, 2004) (citing *De Long*, 912 F.2d at 1147).

[88] *See De Long*, 912 F.2d at 1147.

[89] *See, generally,* Docket No. 69, 70.

[90] *Molski*, 347 F. Supp.2d at 864 (internal quotations omitted).

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

15

employment-based claims.[91] Each case involves the same set of facts, alleging nearly the same claims, asserted against the same core group of defendants (adding employees of MedQuist and attorneys as the case goes on). In both of the previous cases regarding this dispute, the court ruled against Reddy on the merits: the District of New Jersey granted Defendants' motions to dismiss and motions for summary judgment, while the Central District of California ruled against the plaintiff on res judicata grounds.[92] Despite receiving notice of these adverse judgments against her, Reddy has now filed in this court what she knows to be a duplicative and meritless suit. With these facts in mind, the court can only conclude that Reddy has filed the lawsuit with malicious intent against the defendants and without good cause.

### b. Litigant's Motive in Pursuing the Litigation

The next factor is the litigant's motive in bringing the lawsuit. Courts have found that plaintiffs "repeatedly assert[ing] the same claims in slightly altered guise" have used the courts to hinder the defendants in some manner.[93] This is exactly the pattern employed by Reddy in her disputes with former employers.

It appears that Reddy's motive in hindering the defendants is to seek redress from those around her, whom she views to be immoral and engaged in illegal activities.[94] Thus, even after numerous court judgments against her for her employment cases, she continues to bring the same meritless action to harass her former employers. However, Reddy is not entitled to "treat the

---

[91] *See* Docket No. 1.

[92] *See Reddy v. MedQuist, Inc.*, 2010 WL 816154 (S.D. Cal. 2010).

[93] *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)

[94] *See, e.g.,* Docket No. 108 at 3 ("I was justified in seeking 100 trillion dollars in damages… because of what magistrate judge Stephen Hillman had done to me over the years with his immoral actions, an amount even United States cannot afford to pay."). *See also id.* ("[The defendants] do not even say how those *illegal* vexatious litigant orders are even legal… I wish I could stoop to their level and say they are 'forever recognized nincompoops-at-law'").

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

16

federal court… as her own personal stick with which to beat those who she believes makes her life more difficult, or who disagree with her sometimes vitriolic viewpoint."[95]

Also informative is whether litigant had an objective, good faith expectation of prevailing.[96] From an objective standpoint, the plaintiff had no expectation of prevailing in this case. Her dispute with MedQuist had already been decided on the merits against her in the District of New Jersey. To drive the point further, the Central District of California ruled against the plaintiff based on res judicata. Yet Reddy has filed this suit for a third time in this court. With her history of having multiple lawsuits dismissed, she could not in good faith have expected a different outcome this time around. Her motive in filing this suit therefore appears improper.

### c. Whether Litigant is Represented by Counsel

Reddy is a *pro se* litigant in this case. Courts are generally protective of the right of *pro se* litigants to enter the court.[97] Nevertheless, courts are entitled to enjoin *pro se* litigants with "abusive and lengthy" litigation histories.[98] The court is not barred from placing pre-filing restrictions on *pro se* litigants, but the court must exercise particular caution in crafting a pre-filing order that will not unduly limit the *pro se* litigant's general access to the courts.

### d. Whether Litigant Has Caused Unnecessary Expense to the Parties or Placed Needless Burden on the Courts

Reddy's strategy of filing essentially the same lawsuit in a different district, adding a few new defendants and claims each time, has unnecessarily burdened the parties and courts involved.

---

[95] *See Mellow v. Sacramento County*, 2008 WL 2169447 at *5 (E.D. Cal. May 23, 2008) (finding Plaintiff's motive for bringing suits to be improper and grounds for a vexatious litigant ruling) *adopted by*, 2008 WL 3976873 (E.D. Cal. Aug. 21, 2008) *aff'd*, 365 F. App'x 57 (9th Cir. 2010).

[96] *See, e.g., Safir*, 792 F.2d at 24.

[97] *See De Long*, 912 F.2d at 1147.

[98] *Id.*

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
17

Reddy does not have a good faith expectation of prevailing in these suits. With every new action, Defendants must follow the plaintiff to a different jurisdiction, despite already having won on the merits of the employment dispute.[99] The court system has been similarly burdened. Though her dispute with MedQuist already has been resolved, the courts must again deal with her numerous and frivolous cases instead of dedicating time to other meritorious actions.

          **e.     Whether Other Sanctions Would Be Adequate to Protect the Courts and Other Parties**

Sanctions would be inadequate in serving to protect the parties and the courts. It is clear that merely dismissing one of plaintiff's lawsuits does nothing to deter her from bringing more.

Reddy shows a lack of respect for the authority of a court decision and the judicial system as a whole. She has ignored various final judgments in her cases, such as orders dismissing her complaint with prejudice or granting summary judgment. Her lack of respect is evidenced by her own briefing before this court: "As Judge Wilde was carrying on like a doorman to the State Court, determined to stop me from filing any complaint, I filed a third lawsuit against Redlands Community Hospital in the Central District Court."[100] Considering her lack of respect for the judicial system, Reddy is likely to continue her practice of filing multiple lawsuits against one entity in as many jurisdictions as possible. A mere judgment against the plaintiff on the merits of this case would be ineffective. A pre-filing order is necessary to prevent Reddy from harassing the defendants further.

---

[99] *See* Docket No. 69 at 1.

[100] Docket No. 108 at 8. *See also id.* at 10 (stating the lawyers representing the defendants "had their judge friends in the chambers issue rulings in their favor" and asserting "[t]he immorality of some of the Southern California judges is disgusting.").

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
18

### 4. Narrowly Tailored to Fit the Specific Vice Encountered

The pre-filing order must also be narrowly tailored to fit the specific vice encountered.[101] The pre-filing order here will not apply to any action filed by Reddy.[102] Instead, the court's injunction will only apply to the dispute surrounding Reddy's employment and termination at MedQuist. Reddy will only be barred from re-litigating issues that have already been litigated in the past two actions surrounding this dispute. As a result, this pre-filing order will be narrowly tailored to limit only Reddy's vexatious and harassing actions against the defendants.

### C. CONCLUSION

Defendant's motion to declare plaintiff a vexatious litigant is GRANTED. Accordingly,

1. Plaintiff Krishna Reddy is hereby DECLARED to be a vexatious litigant.

2. The Clerk of the Court is instructed not to accept any further filings from Plaintiff Krishna Reddy:

   a. against MedQuist, any of its current or former parents, subsidiaries, or affiliate companies, and any of its current or former officers, directors or employees; or

   b. against Koninklijke Philips Electronics NV, any of its current or former parents, subsidiaries, or affiliate companies, and any of its current or former officers, directors, or employees; or

   c. against any of the attorneys or law firms that formerly or presently represent any of the above parties in litigation against Plaintiff Krishna Reddy;

---

[101] *See Molski*, 500 F.3d at 1061.

[102] *See id.* (observing that the Ninth Circuit had found certain pre-filing orders applying to all actions filed by the plaintiffs to be overbroad).

Case No.: CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
19

    d. that (i) arise from or relate to her employment with or termination by such entities, (ii) arise from or relate to any lawsuit concerning such employment or termination, or (iii) seek to relitigate the issues plaintiff has previously raised in such lawsuit;

    e. Unless plaintiff (i) represented by counsel, who submits the paper for filing, or (ii) posts a bond in the amount of $5,000 and obtains a prior court order allowing her to file the subject paper.

**IT IS SO ORDERED**.

Dated:  12/3/2012

                                              PAUL S. GREWAL
                                              United States Magistrate Judge

Case No.:  CV 12-01324 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

20