UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>            Plaintiff,<br>    v.<br><br>MEDQUIST, INC., et. al.,<br><br>            Defendants. | Case No.: C 12-01324 PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPEAL IN FORMA PAUPERIS**<br><br>**(Re: Docket No. 124)** |

On January 2, 2013, Plaintiff Krishna Reddy ("Reddy") filed an application to appeal *in forma pauperis* ("IFP application"). Her IFP application is understood to refer to the appeals she has filed of the court's order declaring Reddy a vexatious litigant ("VLO"), the court's order staying the case pending resolution of the VLO, the court's order denying as moot plaintiff's motion to proceed in forma pauperis, and "all other rulings, orders and judgments that the Court might make prior to the filing of the Opening Brief in this case."[1] Defendants Medquist, Inc., et. al. (collectively, "Defendants") oppose the IFP application.

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In other words, if the district court determines an appeal is not taken in good faith, the court may deny the IFP application. Courts

---

[1] Docket No. 125.

have determined that the term "good faith" means "frivolous."[2] If the appeal as a whole is frivolous, the IFP application should be denied.[3]

Reddy's IFP application consists of her declaration under penalty of perjury that she is entitled to relief. However, Reddy fails to fully complete the form—she omits question ten, which asks, "Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits?"[4] Reddy leaves the answer blank, and instead wrote "N/A" on the blank provided for names and numbers of the prior lawsuits.[5] The same is true of her earlier application.[6] This omission is significant in light of the court's VLO, which specifically found that the instant case is the third reincarnation of Reddy's employment dispute with Defendants.[7] Reddy's omission of this key fact underlying the VLO itself, under penalty of perjury, suggests she has not taken this appeal in good faith.

However, even giving Reddy the benefit of the doubt regarding her omission and focusing exclusively on the underlying orders appealed by Reddy, the court cannot say that the appeal is taken in good faith. Reddy cannot be said to be acting in good faith in her appeal of the VLO when that order is grounded on the underlying fact that this same dispute has been adjudicated in two other courts.[8] In addition, the Ninth Circuit has made it clear that a VLO is not a final appealable

---

[2] *Morris v. Lewis*, Case No. 10-5640 CRB PR, 2012 WL 1549535 (N.D. Cal. Apr. 30, 2012) (citing *Ellis v. United States*, 356 U.S. 674-75 (1958); *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).

[3] *See Hooker*, 302 F.3d at 1092.

[4] Docket No. 124 at 4.

[5] *Id.*

[6] *Id.*

[7] *See* Docket No. 121.

[8] *Id.*

2

Case No.: 12-01324 PSG
ORDER

order.[9]  Reddy also appealed the order staying the case pending resolution of the VLO.  This appeal is moot—the court's minute order clearly stayed proceedings only until the court ruled on the VLO.[10]  On December 3, 2012, the court issued its ruling on the VLO and in doing so terminated the stay.[11]  Lastly, Reddy appealed the court's October 9, 2012 denial of her first IFP application as moot because she had already paid the filing fee in this case.[12]  This appeal is frivolous because her appeal is untimely – by the time Reddy filed notice of appeal on January 2, 2013, more than 30 days had passed since entry of the immediately appealable order at issue. [13]

Because the court finds the appeal not to be taken in good faith, the court DENIES Reddy's motion.

IT IS SO ORDERED.

Dated: January 17, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1055-56 (9th Cir. 2007).

[10] *See* Docket No. 97 (minute entry stating the case is stayed until resolution of the vexatious litigant motion).

[11] *See* Docket No. 121.

[12] *See* Docket No. 120.

[13] *See Molski*, 500 F.3d at 1054 (citing *Bowles v. Russell*, 551 U.S. 205, 208 (2007)); Fed. R. App. P. 4(a)(1)(A).

3
Case No.: 12-01324 PSG
ORDER