UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>               Plaintiff,<br>    v.<br><br>MEDQUIST, INC., et. al.,<br><br>               Defendants. | Case No.: C 12-01324 PSG<br><br>**ORDER REGARDING COURT'S JURISDICTION**<br><br>**(Re: Docket No. 132)** |

On January 15, 2013, Plaintiff Krishna Reddy ("Reddy") and Defendants Medquist, Inc., et. al. ("Defendants") appeared for a status conference. The parties raised the question of this court's jurisdiction in light of Reddy's notice of appeal.[1] Reddy has filed notice of the court's order declaring Reddy a vexatious litigant ("VLO"), the court's order staying the case pending resolution of the VLO, the court's order denying Reddy's in forma pauperis application ("IFP application"), and "all other rulings, orders and judgments that the Court might make prior to the filing of the Opening Brief in this case."[2] The court addresses the question of whether it retains jurisdiction over this case below.

---

[1] *See* Docket No. 125.

[2] *Id.*

1

Case No.: 12-01324 PSG
ORDER

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[3] However, the district court is not divested of jurisdiction where it is clear that the notice of appeal is deficient. "Where the deficiency in a notice of appeal, by reason of…reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."[4]

As a threshold matter, it is clear that under 28 U.S.C. § 1292 that an interlocutory appeal of an otherwise non-appealable order may only be heard if the district judge certifies in writing that the order to be appealed "involves a controlling question of law as to which there is substantial ground for differences of opinion" and that immediate appeal of the order would "materially advance the ultimate termination of the litigation."[5] Reddy has never sought certification, nor has this court granted it.

In the absence of certification, orders of the district court are generally not appealable pursuant to 28 U.S.C. § 1291 unless they are "final decisions."[6] A final decision is one that resolves the litigation on the merits, leaving nothing more for the district court other than the execution of the judgment.[7] The Supreme Court has defined a small category of "collateral orders" which by exception may be reviewed before final judgment is entered: "[T]he order must

---

[3] *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

[4] *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966).

[5] *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("[A] party must obtain certification from *both* the district court *and* the court of appeals to bring an interlocutory appeal"). The party may also seek a writ of mandamus if the district court denied the party's request for certification. *See Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 708 (9th Cir. 2009).

[6] *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 203 (1999).

[7] *See id.* at 204.

2

Case No.: 12-01324 PSG
ORDER

conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."[8]

As no final judgment has been entered in this case, Reddy's orders may only be appealed if they qualify as collateral orders. The court first considers Reddy's appeal of the court's VLO. In *Molski v. Evergreen Dynasty Corp.*, the Ninth Circuit held that pre-filing orders against vexatious litigants are not final judgments and thus are not immediately appealable.[9] The Ninth Circuit recognized that allowing immediate appeals of pre-filing orders would result in a number of costly, piecemeal appeals.[10] In that case, the court considered and affirmed the narrowly-tailored pre-filing order entered by the district court after the district court dismissed the case on the merits.[11] As in *Molski,* the VLO here is narrowly tailored to apply only to Reddy's employment dispute with Defendants, which has been litigated previously in two separate jurisdictions.[12]

The court next considers Reddy's appeal of the order staying the case pending resolution of the VLO. The usual rule is that a temporary stay is not a final decision that may be appealed because it does not put the plaintiff "effectively out of court."[13] Rather, it is understood that

---

[8] *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375 (1981).

[9] *See* 500 F.3d 1047, 1056 (9th Cir. 2007).

[10] *See id.* at 1056.

[11] *See id.*

[12] *See* Docket No. 121. Reddy argues that *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990), is controlling. The court in *Moy* held that the pre-filing order in that case was immediately appealable. *Id.* But the pre-filing order in *Moy* was overly broad in that it prohibited the plaintiff from bringing any actions without leave of the court, not just claims based on the facts and issues involved in *Moy*. *Id.* The Ninth Circuit ruled that this blanket pre-filing order was reviewable immediately because it denied the plaintiff's fundamental right of access to the courts. *Id.* Because the court's pre-filing order against Reddy was narrowly-tailored to apply only to the instant dispute, *Moy* does not apply and *Molski* is controlling.

[13] *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 10 (1983).

3

Case No.: 12-01324 PSG
ORDER

proceedings in the district will resume after expiration of the stay.[14] In any event, this appeal is moot—the stay was lifted when the court ruled on the VLO.[15]

The court finally considers Reddy's appeal of her first IFP application, which was denied as moot because it is undisputed that Reddy has already paid the filing fee in this case.[16] The Supreme Court has recognized in *Roberts v. United States Dist. Court for N. Dist. of California* that denial by a district court of a motion to proceed in forma pauperis is an immediately appealable order.[17] Under the Federal Rules of Appellate Procedure, notice of appeal must be filed within 30 days after entry of the order appealed from.[18] If a party does not file a notice of appeal within the 30 day time limit, the appellate court has no jurisdiction to hear the case.[19] The court denied Reddy's IFP application on October 9, 2012.[20] Her notice of appeal, however, was not filed until January 2, 2013, making it untimely.[21]

In sum, Reddy has not followed the requisite procedural steps for appealing an interlocutory order. More fundamentally, her appeal is plainly deficient as it seeks review of unappealable orders. As a matter of law, this court retains jurisdiction.

Nevertheless, the court will defer consideration of Defendants' motions to dismiss until after resolution of Reddy's appeal. At the January 15, 2013 status conference, Defendants did not object to allowing Reddy's appeal to the Ninth Circuit to run its course. In addition, even if the

---

[14] *See Roe v. N. Mariana Islands Ret. Fund*, 454 F. App'x 565, 567 (9th Cir. 2011).

[15] *See* Docket No. 97 (minute entry stating the case is stayed until resolution of the vexatious litigant motion); *See also* Docket No. 121 (court's VLO).

[16] *See* Docket No. 1.

[17] *Roberts v. United States Dist. Court for N. Dist. of California*, 339 U.S. 844, 845 (1950).

[18] Fed. R. App. P. 4(a)(1)(A).

[19] *See Molski*, 500 F.3d at 1054 (citing *Bowles v. Russell*, 551 U.S. 205, 208 (2007)).

[20] *See* Docket No. 120.

[21] *See* Docket No. 125.

4
Case No.: 12-01324 PSG
ORDER

court has deemed Reddy vexatious in this litigation, it is mindful of her *pro se* status and the challenge of simultaneously litigating even a frivolous appeal. Upon resolution of Reddy's appeal, the court will set a schedule to resolve the pending motions.

IT IS SO ORDERED.

Dated: January 17, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

5

Case No.: 12-01324 PSG
ORDER