UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>               Plaintiffs,<br>    v.<br><br>MEDQUIST, INC. et al.,<br><br>               Defendants. | Case No.: CV 12-01324-PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket Nos. 68, 76, 84, 86)** |

Plaintiff Krishna Reddy ("Reddy") sued three groups of Defendants in this case: the "MedQuist entities," consisting of MedQuist, Inc, ("MedQuist") MedQuist Transcriptions, Ltd., ("MQT"), CBay Systems Holdings, Ltd. ("CBay"), Koninklijke Philips Electronics NV ("KPNV"), and Philips Electronics North America Corporation ("Philips"); the "MedQuist employees," consisting of Stephen Rusckowski ("Rusckowski"), Kathy Pinkstaff, April Porter, Mayra Figueras, Russell Dunn, Steven Allen, Judy Compagno, Jason Gerster, John Quaintance, John Suender, and Ethan Cohen; and the "MedQuist attorneys," consisting of Winston & Strawn LLP ("W&S"), Neal

1

Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Marder ("Marder"), Stephen Smerek ("Smerek"), Sullivan & Cromwell LLP ("S&C"), Michael Steinberg ("Steinberg), and Orly Elson ("Elson"). Reddy's claims arise from her employment and termination at MedQuist, as well as the litigation that followed. Defendants now move to dismiss. The court found this matter suitable for disposition without oral argument pursuant to Civ. L.R. 7-1(b). Having considered the papers, the court GRANTS Defendants' motion.

## I.   BACKGROUND[1]

In September 1992, Reddy began working as a medical transcriptionist for Transcriptions, Limited, Inc., which later became MedQuist. In 1996, to supplement her income, Reddy began working at a second medical transcription company (which later became MRC Group). Shortly thereafter, she took an additional medical transcriptionist job at yet another company, Your Office Genie ("YOG"), in Monrovia, California. MedQuist later acquired both MRC Group and YOG. In 2000, Philips purchased MedQuist and took over the day-to-day operations.

After MedQuist acquired both these latter medical transcription companies, MedQuist asked Reddy to work at only one branch and she chose Monrovia. Following this transition, Reddy's pay fell below what she was entitled to for several reasons. First, MedQuist reduced the pay per line for medical transcriptionists to achieve a higher profit ratio for the company. MedQuist also used a different rate to pay medical transcriptionists, which resulted in a calculation of fewer lines per assignment as compared to the rate used to bill clients. Reddy also was paid a lower rate than other transcriptionists. In response, Reddy complained to management about what she viewed as unfair billing practices and applied for a transfer out of the Monrovia branch. In September 2003, Reddy was fired and marked ineligible for rehire at any MedQuist office.

In September 2006, three years after her termination, Reddy filed suit three years later against MedQuist, Philips, and the MedQuist employees in the District of New Jersey.[2] Reddy

---

[1] Unless otherwise noted, the factual background is taken as alleged by Reddy's complaint. *See* Docket No. 1.

2
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

brought claims for violations of the RICO Act, fraud, civil conspiracy, interference with employment contract, breach of contract, and intentional and negligent infliction of emotional distress.[3] On August 1, 2007 the New Jersey court dismissed all claims except for her claim for breach of contract.[4] In January 2009, the New Jersey court granted summary judgment on the breach of contract claim, the sole remaining claim against MedQuist, and dismissed Reddy's complaint in its entirety against all other defendants for failure to serve timely process.[5] Final judgment was entered on August 4, 2009; Reddy did not appeal.[6]

On June 19, 2009, Reddy sued MedQuist for the second time, this time in the Southern District of California, and adding CBay Systems as a defendant.[7] Reddy's complaint asserted the same set of claims as asserted in New Jersey, based on nearly identical facts.[8] Because of the final judgment entered in Reddy's prior New Jersey case, the court granted MedQuist's motion to dismiss on res judicata grounds.[9] With respect to Defendants Philips and Rusckowski, the court found that venue was improper and transferred the case to the Central District of California.[10] The Central District then dismissed all claims asserted against Defendants Philips and Rusckowski for

---

[2] *See Reddy v. MedQuist, Inc.*, Case No. 06-4410 (RBK/AMD), 2009 WL 250050 (D.N.J. Jan. 29, 2009).

[3] *See id.*

[4] *See* Docket No. 70, Ex. 1-C.

[5] *See* Docket No. 70, Ex. 1-D, Ex. 1-E.

[6] *See* Docket No. 70, Ex. 1-A.

[7] *See Reddy v. MedQuist, Inc.*, Case No. 09CV1325-LBLM, 2010 WL 816154, at *1 (S.D. Cal. Mar. 5, 2010).

[8] *See id.*

[9] *See id.* at 8.

[10] *See* Docket No. 70, Ex. 2-A.

3
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

lack of personal jurisdiction.[11] The Central District later dismissed the complaint in its entirety against all remaining defendants because of Reddy's failure to timely serve. This time, Reddy appealed, but the Ninth Circuit affirmed.[12]

On March 16, 2012, Reddy filed the present action against MedQuist, Philips, various MedQuist employees and their attorneys as well as additional related corporate entities.[13] Her claims are essentially based on the same set of factual assertions surrounding her past employment at MedQuist and she asserts nearly identical causes of action as in her prior lawsuits.[14] She brings claims of (1) RICO Act violations, (2) Cal. Lab. Code § 2751 violations, (3) breach of written contract, (4) breach of the covenant of good faith and fair dealing, (5) "violation of public policy," (a whistleblower claim relating to the Sarbanes-Oxley Act), (6) promissory estoppel, (7) fraud, deceit and civil conspiracy, (8) intentional and negligent interference with contract and prospective economic advantage, (9) Cal. Lab. Code §§ 1050 and 1052 violations, (10) violation of civil and constitutional rights, (11) intentional and negligent infliction of emotional distress, and (12) a new claim for "unconstitutional offshoring of medical information."[15]

## II.   LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief

---

[11] *See* Docket No. 70, Ex. 3-B.

[12] *See Reddy v. Medquist, Inc.*, 467 Fed. App'x 647, 649 (9th Cir. 2012).

[13] *See* Docket No. 1.

[14] *See id.*

[15] *Id.*

[16] Fed. R. Civ. P. 8(a)(2).

4
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

may be granted.[17]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[19]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[20]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[21]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[22]  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[23]

### III.   DISCUSSION

#### A.   Failure to Properly Serve

As a preliminary matter, none of the MedQuist employees except MedQuist CEO Rusckowski have appeared in this court.  Noting that Reddy tried to serve the MedQuist employees simply by mailing notice to MedQuist's Tennessee headquarters, the court ordered Reddy to show

---

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[19] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[20] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[21] *See id.* at 1061.

[22] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[23] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

5
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

cause as to why the Medquist employee defendants had not been properly served under Fed. R. Civ. P. 4(e).[24] Rule 4(e) requires that an individual be served with the summons and complaint either by following state law for service in the state where the district court is located, or doing any of the following: (A) personal delivery, (B) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy to an agent authorized by appointment or law to receive service of process.

None of the three specified options were satisfied here. Reddy never personally delivered the complaint, nor did she leave a copy at anyone's residence or deliver to an authorized agent. Although she claims that the person she delivered the documents to, Lisa King ("King"), was authorized to receive service on behalf of the MedQuist employees, the summons returned executed indicates King is the authorized agent for MedQuist itself, not its employees.[25]

Reddy claims that her purported service was effective under California Code of Civil Procedure sections 415.20 and 415.40 because she personally served an authorized person at the defendants' business address and thereafter mailed a summons and complaint to the same address via certified mail.[26]

But California law requires more. Section 415.20 states "if a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served… a summons may be served by leaving a copy of the summons and complaint at the person's dwelling, house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box."[27] Reddy has not demonstrated that she was not able to serve the MedQuist employees after exercising reasonable diligence. She also failed to mail the

---

[24] *See* Docket No. 150.

[25] *See* Docket No. 151.

[26] *See id.*

[27] Cal. Civ. Proc. Code § 415.20.

6
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

summons and the complaint to any of the employee's usual place of business, which her complaint itself alleges is in California,[28] instead sending copies to MedQuist's headquarters in Tennessee.

Reddy alternatively claims that her mailings satisfied Section 415.40, which states that services may be made on "a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt."[29] But neither her complaint nor her response to the order to show cause demonstrate that any of the MedQuist employees reside outside of California.

Because Reddy has failed show cause as to why proper service has not been executed, and 120 days have passed since the filing of her complaint,[30] Reddy's claims against Kathy Pinkstaff, April Porter, Mayra Figueras, Russell Dunn, Steven E. Allen, Judy Compagno, Jason Gerster, John W. Guaintance, John M. Suender, and Ethan Cohen are dismissed.

### B.   Motion to Dismiss

Defendants argue that Reddy's claims should be dismissed on the grounds of res judicata, collateral estoppel, expiration of the applicable statutes of limitations, and failure to state a claim upon which relief may be granted. The court discusses each of these bases below in turn.

#### 1.   Res Judicata

The doctrine of res judicata "ensures the finality of decisions" and "serves to protect adversaries from the expense and vexation of attending multiple lawsuits… and to foster reliance on judicial action."[31] Res judicata applies when the earlier suit involved (1) an identity of claims,

---

[28] *See* Docket No. 1, 38-47.

[29] Cal. Civ. Proc. Code § 415.40.

[30] Fed. R. Civ. P. 4(m).

[31] *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1529 (9th Cir. 1985).

7
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

(2) a final judgment on the merits, and (3) identity or privity between parties.[32]  If applicable, res judicata "bars not only all claims that were actually litigated, but also all claims that could have been asserted in the prior action."[33]

Several of the claims brought by Reddy in the current suit have already been litigated on the merits.  The District of New Jersey and the Southern District of California both previously entered final judgment in favor of MedQuist and CBay on Reddy's claims for RICO, fraud, civil conspiracy, interference of employment contract, breach of contract, breach of the covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress.  In those cases, Reddy relied on the same facts and legal rights to support her claims as she does now.[34]  Specifically, she again alleges that MedQuist violated her employment contract by paying her less per transcription line and refusing to rehire her.  The rights established by MedQuist in the New Jersey case and recognized in the Southern California case would be substantially impaired, if not outright extinguished, by allowing Reddy to litigate anew legal claims that had previously been adjudicated.

Although final judgment on the merits was not entered in New Jersey as to Philips, the only allegations in the complaint against Philips stem from its ownership of MedQuist.  As succeeding owner of MedQuist, Philips is in privity with the other MedQuist entities and receives the benefit of res judicata.[35]

---

[32] *See Turtle Island Restoration Network v. U.S. Dep't of State,* 673 F.3d 914, 917 (9th Cir. 2012).

[33] *Int'l Union of Operating Eng'rs-EmployersConstr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993).

[34] *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007); *Turtle Island Restoration Network,* 673 F.3d at 917.

[35] *See Taylor v. Sturgell*, 553 U.S. 880, 894 (2006).  *See also Reddy,* 2010 WL 816154, at *4.

8
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Reddy argues that her prior suit in New Jersey does not have preclusive effect because a final judgment on the merits was not in fact entered. That assertion is incorrect. Both summary judgment and Fed. R. Civ. P. 12(b)(6) dismissal are "judgments on the merits" that wield preclusive effect.[36] In any event, the docket plainly shows that on August 4, 2009, the complaint was dismissed in its entirety and final judgment was entered.[37]

### 2.      Collateral Estoppel

Although final judgment on the merits was not entered as to Rusckowski in the New Jersey action,[38] he can assert its preclusive effect under the doctrine of non-mutual issue preclusion. Issue preclusion may also prevent Reddy from recasting the same suit under different claims, if the underlying issues remain the same. The Supreme Court has long recognized that the "defensive use of collateral estoppel precludes a plaintiff from re-litigating identical issues by merely switching adversaries."[39]

Issue preclusion prevents a party from re-litigating issues from a prior action if (1) there was a fully and fair opportunity to litigate the issue in the previous action, (2) the issue was actually litigated in the previous action, (3) the issue was lost as a result of a final judgment in that action, and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.[40]

Reddy alleges a number of wrongs – the MedQuist entities and employees breached her employment contract by paying her less per transcription line, they engaged in conspiracy and

---

[36] *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005).

[37] *See* Docket No. 70, Ex. 1-A.

[38] As noted previously, the New Jersey and Central District of California both dismissed Reddy's claims against the MedQuist employees for procedural and jurisdictional reasons.

[39] *Parklane Hosiery Co. Inc. v. Shore,* 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

[40] *See In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000).

fraud to do so, they unfairly terminated and refused to rehire her, misappropriated confidential medical information of United States citizens, and the MedQuist attorneys harassed her. With the exception of the medical offshoring and attorney harassment claims, the employment-related allegations are not new and have already been litigated. Reddy had a full and fair opportunity to present these issues in the New Jersey suit, in her complaint and advocacy at the motion to dismiss and summary judgment stages, and yet the court ruled against her. The law is clear that Reddy may not re-litigate these same issues in new claims against new parties. As her claims for Cal. Lab. Code § 2751 violations, "violation of public policy," promissory estoppel, and violations of Cal. Lab. Code §§ 1050 and 1052 rest on the same allegations regarding her employment and termination at MedQuist, these claims are subject to collateral estoppel. This leaves only her tenth, eleventh, and twelfth claims, which allege litigation misconduct and illegal offshoring of private medical data.

### 3. Statute of Limitations

Even if res judicata and collateral estoppel did not apply to Reddy's employment-related claims, all of these claims are necessarily time-barred. All of the events giving rise to Reddy's employment-related claims took place sometime between 1993 and 2003, the period when Reddy was employed at MedQuist or one of its acquisitions. Reddy filed the present action in March 2012, more than nine years after her termination at MedQuist. The longest applicable statute of limitations for any of her claims arising during her employment is four years, as set forth below:

| RICO claims | four years[41] |
|---|---|
| California Labor Code § 2751 claim | four years[42] |

---

[41] *See Agency Holding Corp., v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156-57 (1987).

[42] *See* Cal. Code Civ. Proc. § 337.

10
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

| Breach of a written contract | four years [43] |
| --- | --- |
| Breach of the covenant of good faith and fair dealing | four years [44] |
| Violation of public policy | two years [45] |
| Promissory estoppel | two or four years [46] |
| Fraud and civil conspiracy | three years [47] |
| Intentional and negligent interference with contract and prospective economic advantage | two years [48] |
| California Labor Code sections 1050 and 1052 | three years [49] |
| Intentional and negligent infliction of emotional distress | one or three years [50] |

Reddy argues that her claims should be tolled during the prior litigation dismissed on the merits, but cites no authority to support her contention. Even if Reddy were correct, her claims still have exceeded any applicable statute of limitations. The New Jersey action was filed in 2006 dismissed in its entirety in 2009, totaling only three years. Even accounting for this unexplained tolling period, more than six years have elapsed since Reddy's termination from MedQuist,

---

[43] *See id.*

[44] *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991).

[45] *See* 18 U.S.C. § 1514A(b)(2)(A) (procedures under § 42121(b) govern SOX whistleblower claims); 29 C.F.R. § 1980.112(a); Cal. Civ. Proc. Code § 335.1.

[46] *See* Cal. Code Civ. Proc. § 337; Cal. Civ. Proc. Code § 339.

[47] *See* Cal. Code Civ. Proc. § 338(d); *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).

[48] *See* Cal. Code Civ. Proc. § 339.

[49] *See* Civ. Code Proc. § 338(a).

[50] *See* Cal. Code Civ. Proc. § 335.1; *Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App. 4th 343, 356-57 (2008); *Averbach v. Vnescheconombank*, 280 F.Supp. 2d 945, 958, n.6 (2003).

Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

precluding any claims based on her employment there. As any amendment would be futile, these claims are dismissed with prejudice.

### 4. Failure to State a Claim Upon Which Relief Can Be Granted

Defendants also challenge Reddy's claims because they fail to state a claim upon which relief can be granted.

#### i. Tenth Claim for Civil and Constitutional Rights Violations

Reddy alleges civil and constitutional rights violations under 42 U.S.C. § 1985 and 18 U.S.C. §§ 251 and 252. Sections 251 and 252 do not exist, but earlier on in Reddy's complaint she cites 18 U.S.C. §§ 241 and 242. Even if the court assumes this was Reddy's intended reference, the sections cited are criminal statutes that do not provide a private civil cause of action.[51]

Section 1985 prohibits conspiracies interfering with civil rights.[52] To state a claim under Section 1985, "a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States."[53]

Reddy alleges two factual bases for her Section 1985 claim, both of which are unavailing. First, she argues that Defendants indulged in "oppressive behavior that lacked basic human conscience or decency by intimidating" her through "oppressive name-calling."[54] Even if accepted

---

[51] *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).

[52] *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990).

[53] *Jules v. Croley*, Case No. CIVS07-2797LEW EFBPS, 2008 WL 1349847, at *2 (E.D. Cal. Apr. 9, 2008) (citing *Sanchez,* 936 F.2d at 1039).

[54] Docket No. 1 ¶ 100.

12
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

as true, "verbal harassment or abuse" or mere "name-calling" is insufficient to show that the plaintiff suffered a constitutional deprivation.[55]

Second, Reddy alleges that Defendants precluded her from "seeking justice in a Court of law."[56] While 42 U.S.C. 1985(2) prohibits conspiracies to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, no facts in her complaint support her contention that Defendants intimidated her or used physical force to prevent her from attending a court of law. The only statement in her complaint that could possibly be construed to support this claim is that Defendants moved the court to declare Reddy a vexatious litigant, a motion which the court granted.[57] That fact alone cannot sustain her claim because violations of 42 U.S.C. § 1985(2) must be based on conduct outside of the litigation, as opposed to argument within the litigation.[58] Such statements are barred by the litigation privilege, which immunizes statements made in a judicial proceeding.[59] Reddy also does not allege that she was hampered in her ability to present her case, as required by the statute.[60]

Further, Reddy fails to allege any facts showing conspiracy, which is required under both 1985(2) and (3). The bare assertion that Defendants engaged in a conspiracy will not suffice; the complaint must state a set of facts that would nudge her claims "across the line from conceivable to plausible."[61]

---

[55] *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Jules*, 2008 WL 1349847, at *2.

[56] Docket No. 1 ¶ 100.

[57] *See* Docket No. 121.

[58] *See Kinnard v. Brisson*, Case No. C-03-3127 MMC, 2004 WL 1465693, at *4 (N.D. Cal. June 21, 2004)

[59] *See Action Apartment Ass'n Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1242 (2007).

[60] *See Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988).

[61] *Twombly*, 550 U.S. at 546, 570.

13
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Because Reddy offers no basis upon which to believe any amendment would not be futile, and her repetitive litigation tactics demonstrate bad faith and prejudice to the opposing parties,[62] this claim is dismissed without leave to amend.

### b. Reddy's Eleventh Claim for Intentional and Negligent Infliction of Emotional Distress

Reddy brings an intentional and negligent infliction of emotional distress claim against all defendants. As noted above, res judicata and the statute of limitations bar this claim as arising from Reddy's employment. She also asserts this claim outside of the employment context against MedQuist, CBay, Philips, Rusckowski, and their respective attorneys, which the court now evaluates.

Intentional infliction of emotional distress requires the plaintiff to allege (1) outrageous conduct, (2) intent to cause, or reckless disregard of the probability of causing (3) severe emotional distress, and (4) an actual and proximate causal link between the tortious conduct and the emotional distress.[63] For conduct to qualify as outrageous, it must be so extreme that it "goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community."[64] Severe emotional distress means "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."[65] Reddy alleges that she endured name-calling by MedQuist's attorneys during her employment lawsuit. But mere name-calling cannot give rise to any plausible inference that Defendants acted in such a way that went "beyond all possible bounds of decency so as to be

---

[62] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant… [and] undue prejudice to the opposing party by virtue of allowance of the amendment).

[63] *See Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 300 (1988).

[64] *Gomon v. TRW*, 28 Cal. App. 4th 1161, 1172 (1994).

[65] *Hughes v. Pair*, 46 Cal. 4th 1035, 1051, (2009).

14
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

regarded as atrocious and utterly intolerable in a civilized community."[66] "Insults, indignities, annoyances, petty oppressions, or other trivialities" plainly do not suffice.[67] Moreover, as noted previously, the litigation privilege again bars allegations based on Defendants' conduct in judicial proceedings.[68]

As to Reddy's claim for negligent infliction of emotional distress, she fails to plead the basic elements of negligence. California courts have repeatedly held that negligent infliction of emotional distress is not an independent tort, but merely a variety of negligence, which requires pleading of duty, breach, causation, and damages.[69] Reddy does not do so, and so her claim is insufficient.

As before, because amendment would be futile and her litigation history against Defendants show bad faith, these claims are dismissed without leave to amend.

### c. Plaintiff's Twelfth Claim for "Unconstitutional Offshoring"

Reddy's final claim alleges MedQuist deprived individual citizens of their constitutional right to privacy when it sent private medical records to India for transcription.[70] But a constitutional deprivation requires state action, and Reddy has not alleged any facts by which one might plausibly conclude that MedQuist is a state actor.[71] Reddy also cannot establish standing because she cannot show injury-in-fact.[72] Her only allegation in support of this claim is that

---

[66] *Gomon*, 28 Cal. App. 4th at 1172.

[67] *Id.*

[68] *See Action Apartment Ass'n Inc.*, 41 Cal. 4th at 1242.

[69] *See Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).

[70] *See* Docket No. 1.

[71] *See Whalen v. Roe*, 429 U.S. 589, 598-600, n.23 (2003).

[72] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

15
Case No.: CV 12-01324-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

MedQuist stores confidential medical records of patients outside the United States. Reddy was an employee, not a patient with records handled by MedQuist, evidenced by the fact that she does not allege her own records were improperly handled or transmitted offshore.

Because of the lack of a state actor and Reddy's inability to establish standing, this claim cannot be cured and is dismissed without leave to amend.

## V. CONCLUSION

Reddy's claims are dismissed without leave to amend.

IT IS SO ORDERED.

Dated: July 18, 2013

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge